RECEIVED
IN LAKE CHARLES, LA
JUN 20 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JERRY FORD, ET AL** | : | **DOCKET NO. 2:06 CV 1758** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CHAPIN INTERNATIONAL, INC., ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the court is the issue of whether a certain document is protected from discovery. The document at issue consists of the handwritten notes of a meeting dated March 25, 1998, regarding an earlier claim against Chapin International, Inc. (Chapin) and its insurers. These notes have been reviewed by the court *in camera*. Participants in the meeting included representatives of Chapin and its insurers. The meeting also included a teleconference with an attorney for one of the insurers. Defendants contend that the notes are not subject to discovery because they were "prepared in anticipation of litigation." F.R.C.P. 26(b)(3). They also contend that portions would be protected by attorney-client privilege.

Rule 26(b)(3) provides a qualified privilege for documents and tangible things that are: (1) "prepared in anticipation of litigation or for trial." (2) "by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." It is facially apparent that the notes were prepared in anticipation of litigation. Plaintiffs contend that the qualified privilege of Rule 26(b)(3) does not apply unless Defendants can show either: (1) the notes were prepared by an attorney; or (2) the notes were

"drafted under the explicit direction of an attorney, for the attorney." Memorandum in Opposition, p. 5. This contention is refuted by the clear and explicit language of the Rule itself. The qualified privilege applies if the document was prepared by or for another party or by or for that other party's representative" (including an attorney, insurer or agent). *Hayden v. Acadian Gas Pipeline System*, 173 F.R.D. 429 (E.D.La. 1997); see also 1970 Advisory Committee Note to Rule 23(b)(3) ( "Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on his behalf."). It is clear that the notes were prepared by Chapin, another party to this litigation, or its representative.

A closer question is whether Rule 26(b)(3) protects the notes from disclosure in this suit when they were prepared in anticipation of litigation in another case which is now, presumably, at an end. In *F.T.C. v. Grolier Inc.*, 103 S.Ct. 2209 (1983) the court addressed whether documents were exempt from disclosure under the Freedom of Information Act (FOIA). At issue was Exemption 3 which encompassed the "privileges which the Government enjoys under the relevant statutory and case law in the pre-trial discovery context." 103 S.Ct. at 2214. More specifically, the Court addressed the temporal scope of the work-product privilege. In doing so it discussed Rule 26(b)(3) stating:

> [T]he literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation. . . . By its own terms, Exemption 5 requires reference to whether discovery would normally be required during litigation with the agency. Under a literal reading of Rule 26(b)(3), the work-product of agency attorneys would not be subject to discovery in subsequent litigation unless there was a showing of need and would thus fall within the scope of Exemption 5.

2

103 S.Ct. at 2213-14 (emphasis omitted).

The Fifth Circuit has addressed the temporal scope of the work-product privilege in the context of a criminal proceeding. *In re Grand Jury Proceedings*, 43 F.3d 966 (5th Cir. 1994). In doing so the Court stated: "*Grolier* provides a strong hint that Rule 26 . . . applies to subsequent litigation." *Id.* at 971. The Court also noted that some courts have concluded that the work product privilege only extends to "closely related" subsequent litigation while other courts have found that the privilege extends to all subsequent litigation. *Id.* That difference was not material to the case before the Court so it was not necessary to it to make a choice between these alternatives.

> *Grolier* is at least a strong hint by the Supreme Court that the literal language of the rule will not be lightly enlarged upon–any means any. That the privilege is qualified, falling on a showing of good cause supports confining the inquiry to the literal language of the rule in two ways. First, it softens its bite. Second, it avoids multiplying the inquiry into the availability of the privilege. Questions about the relationship among cases and the similarity of claims do not necessarily implement the protection of work product accorded by Rule 26. By definition, the requirement of good cause will sort the cases in a manner more relevant to the principle that the material is to be protected absent a demonstration of genuine need for it, than examining the relationship between the claims in the case in which work product was initially protected and the claims in the case in which production is later sought.

6 Moore's Federal Practice (3d Ed.) § 26.70[3][b], p. 26-219.

The Court finds this reasoning convincing, and concludes that the notes at issue fall within the qualified privilege established by Rule 26(b)(3). *But see Levingston v. Allis-Chalmers Corporation*, 109 F.R.D. 546 (S.D.Miss. 1985). Plaintiffs have not shown that they have "substantial need" of the notes in preparation of their case. Accordingly, the notes are not discoverable. It is unnecessary to reach the question of whether the notes contain the mental

3

impressions, conclusions, opinions, or legal theories of an attorney or other representative, or the issue of the applicability of the attorney-client privilege.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of June, 2007.

                                                              _____
                                                              ALONZO P. WILSON
                                                              UNITED STATES MAGISTRATE JUDGE